IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-CR-8-WKW |
| | ) | [WO] |
| RECO MAREESE DANIELS | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Defendant Reco Mareese Daniels successfully moved under 28 U.S.C. § 2255 to vacate his 2012 sentences on four of his seven convictions. On these four convictions, Mr. Daniels's original sentences were illegal because they exceeded the allowable statutory maximums. (*See* Doc. # 691.) Mr. Daniels's resentencing hearing commenced on November 3, 2021, but was continued. The hearing is scheduled to reconvene on May 24, 2022. Prior to the resentencing hearing, Mr. Daniels moved for plenary resentencing on all seven convictions—to bring in his three convictions under 18 U.S.C. § 924(c) so that he could receive the benefit of § 403(a) the First Step Act of 2018, which amended the mandatory minimum sentences for specified firearm offenses. *See* Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222 (codified at 18 U.S.C. § 924 note). In open court on November 3, 2021, the motion for plenary resentencing was denied, and the reasoning for the denial was explained.

Before the court is Mr. Daniels's "motion for a more definite record concerning denial of Defendant's motion for the court to apply the First Step Act of 2018 to Re-Sentencing in this case" (Doc. # 695), which is construed as a motion for reconsideration of the court's oral order denying plenary resentencing. Mr. Daniels's appointed counsel states that he brings the motion "at the request of the Defendant," and counsel has included as an exhibit Mr. Daniels's handwritten motion. (Doc. # 695-1.) Mr. Daniels's motion addresses, as counsel has put it, the "elephant in the room." (Nov. 3, 2021 Sentencing H'rg.) That elephant is the stacking of escalating mandatory-minimum sentences on Mr. Daniels's three § 924(e) convictions: Those convictions resulted in a combined sentence of 57 years. The 57 years are consecutive to the sentences imposed on the convictions for conspiracy to commit Hobbs Act robbery, conspiracy to possess firearms to further crimes of violence (attempted carjacking, carjacking, and Hobbs Act robbery), aiding and abetting carjacking and attempted carjacking, and aiding and abetting Hobbs Act robbery (*i.e.*, Counts 1, 2, 4, and 6). As defense counsel also put it, the correction of the sentences on these four convictions is *de minimis* compared to the consecutive 57-year sentence Mr. Daniels received on his three § 924(e) convictions. (Nov. 3, 2021 Sentencing H'rg.) For the reasons to follow, the motion for reconsideration will be denied.

## II.  PROCEDURAL HISTORY

In 2012, Mr. Daniels was convicted by a jury and sentenced to 1,044 months (87 years) for a series of violent crimes he and his Co-defendants committed involving armed carjacking and robbery.  Mr. Daniels appealed.  In 2015, the Eleventh Circuit affirmed Mr. Daniels's convictions and sentences "in all respects." (Doc. # 517.)  In 2017, the Eleventh Circuit issued its mandate.  (Doc. # 541.)

In April 2018, Mr. Daniels, proceeding *pro se*, brought a § 2255 motion seeking to vacate his sentences on Counts 1, 2, 4, and 6 and to vacate his convictions on Counts 3, 5, and 7 (the § 924 convictions).  *See Daniels v. United States*, No. 3:18cv407-WKW (M.D. Ala. April 10, 2018).  He argued that his sentences on Counts 1, 2, 4, and 6 were illegal because they exceeded the statutory maximums. He further argued that his convictions on Counts 3, 5, and 7 were invalid because the predicate crimes of violence (carjacking and Hobbs Acts robbery) were not legally crimes of violence.  *See id.*, ECF No. 1.

On August 30, 2021, Mr. Daniels's § 2255 motion was granted in part.  The court agreed with Mr. Daniels that the sentences imposed on Counts 1, 2, 4, and 6 were higher than the statutory maximums.  It vacated the sentences on Counts 1, 2, 4, and 6, and set a resentencing hearing on these four counts to correct the errors. (*See* Doc. # 685.)  However, Mr. Daniels's § 2255 motion was denied as to his challenges to his § 924(c) convictions because under Eleventh Circuit precedent, both carjacking and Hobbs Acts robbery are categorically crimes of violence under

3

§ 924(c)'s use-of-force clause.  (*See* Doc. # 685.)  Hence, Mr. Daniels was not entitled to habeas relief on Counts 3, 5, and 7.  (Doc. # 685, at 10.)

Resentencing on Counts 1, 2, 4, and 6 (but not on Counts 3, 5, and 7) is scheduled to recommence on May 24, 2022.  Mr. Daniels's motion for plenary resentencing was denied.  This is his second push for plenary resentencing.

### III.  DISCUSSION

Mr. Daniels moves for a full resentencing hearing on all his convictions and for sentencing relief on his § 924(c) convictions under § 403(a) of the First Step Act.  The motion lacks merit.

In 2018, Congress enacted the First Step Act of 2018.  Section 403(a) of the First Step Act revised § 924(c) by eliminating the 25-year stacking provision for a "second or subsequent count of conviction" under § 924(c).  Now, the 25-year mandatory-minimum sentence on a second § 924(c) conviction applies only if the defendant has a prior § 924(c) conviction that has become final.  For Mr. Daniels, this means that if he were sentenced today under § 403(a) of the First Step Act, he would face a mandatory minimum of 10 years on Count 5 and a mandatory minimum of 7 years on Count 7, rather than enhanced 25-year sentences for his second and third § 924(c) convictions.  The mandatory minimum sentence of 7 years on Count 3 would not change.  The difference between a pre-First Step Act sentence (57 years) and a post-First Step Act sentence (24 years) is substantial; however, Defendant is not entitled to resentencing on Counts 3, 5, and 7 for three reasons.

First, the First Step Act did not make § 403(a) retroactive. *See* First Step Act, § 403(b); *see also United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) ("In 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed after a prior [§ 924(c)] conviction has become final will trigger the 25-year minimum." (quotation marks omitted)). Hence, although the First Step Act changed the circumstances under which § 924(c) offenses are subject to enhanced mandatory minimum sentences, *see* First Step Act § 403(a), Congress expressly limited the retroactivity of that provision to offenses for which sentences had not been imposed as of the First Step Act's date of enactment, *see* First Step Act § 403(b). The sentences on the § 924(c) convictions in Counts 3, 5, and 7 were imposed years prior to the First Step Act's enactment. This means that § 403(a)'s amendment to § 924(c)'s penalties did not apply to or affect Mr. Daniels's sentences on Counts 3, 5, and 7.

Second, not only would application of the First Step Act's non-retroactive change in § 924(c) penalties to Mr. Daniels's sentences on Counts 3, 5, and 7 violate the law, but it also would result in an unwarranted disparity in sentencing. Specifically, Co-defendant Courtney Djaris Wilson, who also received the same 57-year consecutive sentences on Counts 3, 5, and 7, has no recourse under the First Step Act.

Mr. Daniels continues to insist that he is entitled to plenary resentencing under the holding in *United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) (en banc), but

5

his reliance on *Uriarte* is misplaced.[1]  In that case, the Seventh Circuit addressed whether a defendant whose sentence had been vacated in full prior to the First Step Act's enactment but who had not yet been resentenced was eligible for relief under § 403.  *See id.* at 601–03.  There, at the original sentencing, the district court sentenced the defendant to seven years on the first of two § 924(c) convictions based on a judicial finding that the offense involved the brandishing of a firearm.  *See id.* at 599.  On the first appeal, the Seventh Circuit held that the defendant's sentence violated the holding in *Alleyne v. United States*, 570 U.S. 99 (2013), that a jury, not the sentencing judge, had to decide whether brandishing was an element of the § 924(c) charge.  The Seventh Circuit thus vacated the sentence on this § 924(c) conviction, and it remanded for plenary resentencing on all counts of conviction.  Those counts included multiple convictions that were subject to Guidelines sentences.  *Id.* at 600 n.2.  After the vacatur and remand but prior to the defendant's resentencing, Congress enacted the First Step Act.  Because at the time of the First Step Act's enactment, the defendant had been convicted, but not yet sentenced, the district court applied § 403(a) in sentencing the defendant on the § 924(e) convictions.  The Government appealed, and the Seventh Circuit held that the First

---

[1] The practice of plenary sentencing derives from the "sentencing package doctrine" and its "notion" that "in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014).

Step Act applied at the resentencing hearing because the defendant "lack[ed] a sentence" at the time of the Act's enactment. *Id.* at 602. The Seventh Circuit reasoned that the First Step Act "reflects a congressional intention that its policy decision apply . . . to pre-act offenders whose sentences had been vacated before the date of enactment, but who had not been resentenced as of that date." *Id.*

Unlike in *Uriarte*, in December 2018, when the First Step Act was enacted, Mr. Daniels's convictions and sentences had been affirmed by the Eleventh Circuit, and his § 2255 motion was pending in this court. His sentences on Counts 1, 2, 4, and 6 were not vacated until August 30, 2021, and his convictions and sentences on Counts 3, 5, and 7 never have been vacated. Mr. Daniels had been both convicted and sentenced on the § 924(c) offenses prior to the First Step Act's enactment. This procedural posture takes Mr. Daniel's case out of *Uriarte*'s parameters.

Also, in *Uriarte*, the sentencing error occurred on the § 924(c) conviction, not on convictions for which the Guidelines controlled the sentences. As the Seventh Circuit recognized, the district court "had structured Mr. Uriarte's sentence on the basis of an *Alleyne* error," and thus it "was impossible to 'unbundle' this error from the rest of his sentence." *Uriarte*, 975 F.3d at 600 n.2; *see also id.* at 599 n.1 (explaining that "the mandatory minimum of 7 years went into the district court's determination of Mr. Uriarte's ultimate sentence" (alteration adopted)). At Mr. Uriarte's resentencing, the district court had discretion under 18 U.S.C. § 3553(a) to

7

consider the effect that the reduced, mandatory consecutive sentence would have on the guidelines calculations for the other offenses. *See id.* at 600 n.2.

Mr. Daniels's case again is different. There were no sentencing errors on the § 924(c) convictions. The vacatur of the sentences on Counts 1, 2, 4, and 6 does not bring into question the correctness of the original sentences on Counts 3, 5, and 7. The sentences on the § 924(c) counts were statutorily required. The original sentencing court imposed the statutory minimum on each of those counts, and it had no discretion to sentence below the statutory mandatory-minimums. For this reason, Mr. Daniels cannot show that the sentencing errors on Counts 1, 2, 4, and 6 influenced the original sentencing court's decisions on the § 924(c) counts. Also, any discretion the court has in fashioning new sentences on Counts 1, 2, 4, and 6 is not extended to the mandatory-minimum sentences imposed on Counts 3, 5, and 7. The sentences on Counts 3, 5, and 7 thus are not unraveled by the vacatur of the sentences on Counts 1, 2, 4, and 6, and are not interrelated to the sentences on Counts 1, 2, 4, and 6. *See United States v. Thompson*, 846 F. App'x 816, 818 (11th Cir. 2021) (holding that the sentencing package doctrine did not entitle the defendant to resentencing on a stacked § 924(c) conviction because "the § 924(c) sentence was based on a statutory requirement" and thus was not "intertwined" with the guidelines sentences on the drug offense convictions); *Fowler*, 749 F.3d at 1015; *see also generally United States v. Palmer*, 854 F.3d 39, 49 (D.C. Cir. 2017) ("[N]ot every

judgment involving multiple convictions presents a sentencing package in which vacating the sentence on one count unravels the remaining sentences.").

### III. CONCLUSION

On Mr. Daniels's § 2255 motion, the court vacated only the sentences on the convictions affected by the original sentencing errors (Counts 1, 2, 4, and 6). The errors for correction at the resentencing hearing do not affect and are not interrelated with the original sentences imposed on the § 924(c) convictions; therefore, Mr. Daniels is not entitled to plenary resentencing. The vacatur of the sentences on Counts 1, 2, 4, and 6 do not open the door to resentencing on Counts 3, 5, and 7 under § 403(a) of the First Step Act's more lenient sentencing provisions that were not available to Mr. Daniels at the time of his original sentencing. Any sentencing relief on Counts 3, 5, and 7 will have to come from Congress or a higher court.

Based on the foregoing, it is ORDERED that Mr. Daniels's motion for reconsideration of the court's oral order denying plenary resentencing (Doc. # 695) is DENIED.

DONE this 24th day of May, 2022.

                                           /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE