IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-CR-8-WKW |
| | ) | [WO] |
| RECO MAREESE DANIELS | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 8, 2022, the United States Court of Appeals for the Eleventh Circuit granted the parties' joint motion to vacate the amended judgment and remanded this case "for further consideration in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022)." (Doc. # 742 at 2.)

Based on the Eleventh Circuit's mandate, the parties were directed to confer and inform the court in a joint filing how they thought this case should proceed. (Doc. # 743.) Based upon careful consideration of their Joint Response to Court's Order and Joint Motions of Counsel (Doc. # 744), the motions will be granted, and this case will be set for resentencing (again).

**I. PROCEDURAL HISTORY**

In 2012, Mr. Daniels was convicted by a jury for a series of violent crimes he and his co-defendants committed involving armed carjacking and robbery. The jury found Mr. Daniels guilty of seven counts in a multi-count indictment:

- Count One: conspiracy to possess firearms to further crimes of violence (attempted carjacking, carjacking, and Hobbs Act robbery), in violation of 18 U.S.C. § 924(o);

- Count Two: aiding and abetting attempted carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2), 2;

- Count Three: aiding and abetting the brandishing of a firearm to further a crime of violence (attempted carjacking), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2;

- Count Four: aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119(1)–(2), 2;

- Count Five: aiding and abetting the brandishing of a firearm to further a crime of violence (carjacking), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii)–(iii), 2;

- Count Six: aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), 2;

- Count Seven: aiding and abetting the brandishing of a firearm to further a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2.

(Docs. # 347, 410.)

After a sentencing hearing in 2012, Mr. Daniels was sentenced to 87 years (1,044 months) in prison, consisting of the following:

- concurrent terms of 30 years (360 months) on Counts One, Two, Four, and Six;

- a consecutive term of 7 years (84 months) on Count Three;

- a consecutive term of 25 years (300 months) on Count Five; and

- a consecutive term of 25 years (300 months) on Count Seven.

(Doc. # 410.)

Mr. Daniels appealed. In 2015, the Eleventh Circuit affirmed Mr. Daniels's convictions and sentences "in all respects." (Doc. # 517 at 47.) In 2017, the Eleventh Circuit issued its mandate. (Doc. # 541.)

In April 2018, Mr. Daniels, proceeding *pro se*, brought a 28 U.S.C. § 2255 motion seeking to vacate his sentences on Counts 1, 2, 4, and 6 and to vacate his convictions on Counts 3, 5, and 7 (the § 924 convictions). *See Daniels v. United States*, No. 3:18-cv-407-WKW (M.D. Ala. April 10, 2018), ECF No. 1. He argued that his sentences on Counts 1, 2, 4, and 6 were illegal because they exceeded the statutory maximums. He further argued that his convictions on Counts 3, 5, and 7 were invalid because the predicate crimes (carjacking, attempted carjacking, and Hobbs Acts robbery) were not legally crimes of violence. *See id.*, ECF Nos. 1, 4.

On August 30, 2021, Mr. Daniels's § 2255 motion was granted in part. The court agreed with Mr. Daniels that the sentences imposed on Counts 1, 2, 4, and 6 were higher than the statutory maximums. It vacated the sentences on Counts 1, 2, 4, and 6, and set a resentencing hearing on these four counts to correct the errors. (*See* Doc. # 685.) However, Mr. Daniels's § 2255 motion was denied as to his challenges to his § 924(c) convictions because under binding precedent the

underlying crimes were categorically crimes of violence under § 924(c)'s use-of-force clause.  (*See* Doc. # 685.)  Hence, Mr. Daniels was not entitled to habeas relief on Counts 3, 5, and 7.  (Doc. # 685, at 10.)

Mr. Daniels appealed the final judgment in his § 2255 proceeding.  However, in December 2021, the Eleventh Circuit dismissed it "*sua sponte*, for lack of jurisdiction."  *Daniels*, 3:18-cv-407, ECF No. 51.  The Eleventh Circuit explained that the order was not "final or appealable because the district court ha[d] not yet resentenced Daniels and entered an amended judgment." *Id.* (citations omitted).  It instructed: "Upon timely appeal from the amended judgment [in the criminal case], Daniels may seek a certificate of appealability as to his claims that were denied and make any other claims of error as to his motion to vacate and his resentencing." *Id.*

In his criminal case, Mr. Daniels's resentencing on Counts 1, 2, 4, and 6 was held on May 24, 2022.  Prior to resentencing, Mr. Daniels's motion for plenary sentencing on all counts—to include Counts 3, 5, and 7—was denied.  (Doc. # 713.)  The denial of his motion meant that Mr. Daniels was subject to a consecutive 57-year sentence on his three, stacked § 924(e) convictions.  (Doc. # 713 at 2.)  In total, Mr. Daniels was resentenced to concurrent terms of 240 months on Counts 1 and 6 and 300 months on Counts 2 and 4 and to consecutive terms of 7 years on Count 3,

25 years on Count 5, and 25 years on Count 7, for a total term of 984 months. (Doc. # 723 at 3.)

Mr. Daniels appealed the amended judgment. (Doc. # 719.) But on appeal, the parties moved to vacate the amended judgment and to remand for resentencing. On December 8, 2022, the Eleventh Circuit granted that motion and remanded this case "for further consideration in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022)." (Doc. # 742 at 2.) The parties have filed a joint response as to how they think the resentencing should proceed. (Doc. # 744.)

## II. DISCUSSION

The parties' joint response encompasses two motions. (Doc. # 744.) Those motions will be granted.

First, based on the Supreme Court's decision in *Taylor*, the parties jointly move to vacate Count 3. In *Taylor*—decided after Mr. Daniels's resentencing hearing[1]—the Supreme Court held that *attempted* Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) because the offense elements do not require proof that the defendant used, attempted to use, or threatened to use force.[2] *See* 142 S. Ct. at 2021. In other

---

[1] Mr. Daniels was resentenced on May 24, 2022; *Taylor* was decided on June 21, 2022.

[2] The Supreme Court in *Taylor* abrogated *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018), in which the Eleventh Circuit held that, because a completed Hobbs Act robbery

words, "where a crime may be committed by the threatened use of force, an attempt to commit that crime—*i.e.*, an attempt to threaten—falls outside the elements clause." *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022). The parties contend that the reasoning of *Taylor* extends to attempted carjacking. (Doc. # 744 at 2 & n.1.)  The parties contend that *Taylor*'s analysis of attempt law applies equally to attempted carjacking because a conviction for attempted carjacking, 18 U.S.C. §§ 2119 and 2, does not categorically require the government to prove the use, attempted use, or threatened use of force.  Based on the parties' joint agreement that Mr. Daniels's conviction in Count 3 under § 924(c) is illegal under the Supreme Court's decision in *Taylor*, the motion will be granted.

Second, the parties contend that, if Count 3 is dismissed, the "procedural posture . . . has shifted" from its stance on May 24, 2022, at the prior resentencing. (Doc. # 744 at 3.)  They contend that *de novo* resentencing on all counts now is appropriate. (Doc. # 744 at 3 (citing *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).)  And they jointly move the court to apply the anti-stacking provisions in § 403(a) of the First Step Act.  (Doc. # 744 at 3–4); *see United States v. Thompson*, 846 F. App'x 816, 818 (11th Cir. 2021) ("Prior to the First Step Act, 18 U.S.C.

---

qualifies as a crime of violence, an attempted Hobbs Act robbery also qualifies. *Taylor*, 142 S. Ct. at 2021–22 (citing *St. Hubert*, 909 F.3d at 352–53).

6

§ 924(c) contained a 'stacking' provision where, in the case of a second or subsequent conviction under § 924(c), a defendant was to be 'sentenced to a term of imprisonment of not less than 25 years.' Section 403(a) of the First Step Act amended this language so that the 25-year mandatory minimum on a second § 924(c) violation only applies if the first § 924(c) conviction has become final." (citations omitted)). This joint motion also will be granted.

The parties differ, however, on the appropriate sentence for Mr. Daniels. "The government anticipates that it will argue that the Court should . . . sentence Daniels in line with the Court's prior sentence given the seriousness of the crimes committed." (Doc. # 744 at 4.) "The defense will argue to the contrary." (Doc. # 744 at 4.) Accordingly, briefing on the parties' positions will be ordered.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1)  The parties' joint motion to dismiss Count 3 (aiding and abetting the brandishing of a firearm to further attempted carjacking in violation of 18 U.S.C. § 924(c)) is GRANTED, and Count 3 is DISMISSED.

(2)  A *de novo* resentencing hearing on Counts One, Two, Four, Five, Six, and Seven is set for **April 26, 2023**, **at 2:00 p.m.**, in courtroom 2-B of the Frank M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama. Mr. Daniels shall remain

in custody pending resentencing. The United States Marshal is DIRECTED to arrange for Mr. Daniels's appearance at this hearing, and the Clerk of the Court is DIRECTED to provide a court reporter.

(3) The November 1, 2021 version of the guidelines—which is the version of the guidelines that will be in effect on April 26, 2023—will be used in calculating Mr. Daniels's new sentences on Counts One, Two, Four, Five, Six, and Seven of the superseding indictment. Section 403(a) of the First Step Act also will be applied.

(4) The deadlines in Federal Rule of Criminal Procedure 32 are modified to expedite the resentencing hearing. The United States Probation Office shall prepare an addendum to the presentence report (PSR) as to Counts One, Two, Four, Five, Six, and Seven, and a sentencing recommendation. Consistent with the directives in this Order, the PSR addendum shall recalculate the guidelines, shall apply the statutory minimums under the anti-stacking provisions of § 403(a) of the First Step Act to the remaining two § 924(c) convictions (Counts 5 and 7), and shall include information on Mr. Daniels's post-conviction conduct. The United States Probation Office shall disclose the addendum to Mr. Daniels, his counsel, the Government, and the court on or before **April 5, 2023**. Any objections to the PSR addendum shall be filed under seal no later than seven days after the addendum's

disclosure.  The sentencing recommendation shall be disclosed only to the court on or before **April 19, 2023**.

(5) The parties each shall file a sentencing memorandum on or before **April 19, 2023**.

(6) The Clerk of the Court shall provide of copy of this Memorandum Opinion and Order to the United States Marshals Service and to the United States Probation Office.

DONE this 21st day of March, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE